**United States District Court for the District of New Hampshire**

_____
)
ORANGE STREET 296, LLC )
    Plaintiff, )
)
v. )    Civil Action No. 21-741
)
CITY OF MANCHESTER )
    Defendant. )
_____)

## COMPLAINT AND JURY DEMAND

This Complaint is an action for a violation of and injunctive relief under the federal Fair Housing Act as Amended and the Americans with Disabilities Act.

### PARTIES

1. The Plaintiff, Orange Street 296, LLC, is a limited liability company with a business address of 33 Crank Falls Road, Hampton Falls, NH 03844 (the "Plaintiff").

2. The Defendant, City of Manchester, is a municipality with the mayor's office located at One City Hall Plaza, Manchester, NH 03101 (the "City" or "Defendant").

### JURISDICTION

3. This Court has personal and subject matter jurisdiction as both the Plaintiff and Defendant are domestic entities, residents and/or located in New Hampshire and this matter concerns claims under the federal Fair Housing Act as Amended.

### FACTS

4. The Plaintiff is the business of property ownership, including managing and/or providing sober housing for disabled individuals who reside at 296 Orange Street, Manchester, New Hampshire (the "Property").

5. The Plaintiff provides housing at the Property through Into Action Sober Living, LLC to individuals in recovery from substance use who qualify as disabled under the Fair Housing Act as Amended (the "FHAA").

1

6. At all material times to this complaint, the Property has been occupied by up to 11 unrelated disabled females who reside together like a family (the "Disabled Occupants").

7. On March 24, 2020, the Plaintiff sought a reasonable accommodation under the FHAA from the City to allow occupancy of the Property by the Disabled Occupants in the same manner permitted by any "family" under local laws (the "Reasonable Accommodation").  See Ex. A hereto, Exhibit 6 (a).

8. The City responded by letter dated February 18, 2021, denying the Reasonable Accommodation and/or seeking more information to evaluate same.

9. On April 19, 2021, the Plaintiff responded to the City's February 18, 2021 letter providing additional information to support the Reasonable Accommodation. See Ex. A hereto, Exhibit 6 (b).

10. In response to the April 19, 2021 letter, the City did not grant the Reasonable Accommodation, but instead indicated a "Variance" must be sought.

11. On or about May 26, 2021, the Plaintiff submitted a package called "Variance Criteria," as required by the City, to obtain consideration of relief under the FHAA in the form of a Reasonable Accommodation.  See Ex. A hereto.

12. The City required onerous documentation, not limited to floor plans and information not available to the Plaintiff, that needed to be prepared by third parties to seek relief, and further, the City required that a fee of $517.57 be paid for consideration of the requested Reasonable Accommodation by the Zoning Board of Adjustment ("ZBA").

13. The City utilizes a process for considering reasonable accommodations that is cost prohibitive and onerous for individuals in-need of relief and accommodation for difficult and often desperate situations, in this instance housing for disabled individuals in recovery from substance use.

14. The Plaintiff has incurred thousands of dollars in fees and costs to merely obtain consideration of its Reasonable Accommodation, which was ultimately wholly denied by the City.

15. The Plaintiff has diverted funds from the provision of housing to the disabled to seek the Reasonable Accommodation from the City, including the filing of this lawsuit.

16. On June 23, 2021, the City denied the Reasonable Accommodation sought through the Variance process before the ZBA.  See Exhibit B hereto.

17. On or about July 21, 2021, a request for rehearing was made to the City/ZBA on the denial of the Reasonable Accommodation.  <u>See</u> Exhibit C hereo.

18. On or about August 16, 2021, the City/ZBA denied the request for rehearing/relief sought.  <u>See</u> Exhibit D hereto.

19. The refusal to grant the Reasonable Accommodation is without legal or factual support and results from unfounded fear and prejudice created by those employed by the City and residents of the City who stand against housing for individuals in recovery from substance use (i.e. sober housing), who simply do not want this type of housing in their neighborhoods.

20. Residents of the City did testify on June 23, 2021 against the Plaintiff's request for a Reasonable Accommodation to use the Property for sober housing, arguing that sober housing belonged elsewhere in the City.

21. Members of the ZBA did succumb to the pressure maintained by those against sober housing and did carryout the discriminatory intention of those against sober housing at the Property by refusing to grant the Reasonable Accommodation.

22. Plaintiff seeks judicial relief for actual injury as a result of the Defendant's discriminatory actions, failure to comply with applicable law and failing to provide a reasonable accommodation, as a result of Plaintiff's association with the disabled and the provision of housing to the disabled.

23. The Defendant's intentional, wrongful actions, are directed towards the Plaintiff and its Disabled Occupants because of the fact that the residents are disabled individuals in recovery from alcohol and/or drug abuse.

24. The interests the Plaintiff seeks to protect are germane to their purpose and neither the claim asserted, nor the relief requested herein, requires the participation of individual occupants of the sober house, who would otherwise have standing to sue in their own right.

**COUNT I**
**(Failure to Grant a Reasonable Accommodation/Discrimination**
**– Fair Housing Act)**

25. Plaintiff incorporate and restates herein paragraphs 1-24 supra.

26. The federal Fair Housing Act and the Fair Housing Amendments Act forbid discrimination towards individuals because of their disability or a person associated with them.

27. Federal law declares that discrimination is prohibited in failing to provide a reasonable accommodation or in effectuating discriminatory goals of

others, or those of a municipality, through the use of or imposition of rules, laws or zoning, whether legal or otherwise, if done with discriminatory animus or without animus if done in a way that effectuates the discriminatory goals of others.

28. Plaintiff is associated with and/or provides housing to disabled/handicapped individuals.

29. The Disabled Occupants at the Property are a protected class.

30. Defendant, through its actions and inaction, *supra*, and intentional conduct and/or willful ignorance of applicable laws that require that disabled/handicapped individuals be treated fairly and provided equal access to housing have violated Federal law by refusing to provide a reasonable accommodation that was reasonable and necessary, and/or in discriminating against the Plaintiff.

31. Defendant has violated the Plaintiff's rights under the FHAA by:

a. denying a Reasonable Accommodation and otherwise making housing unavailable through the Plaintiff because of their association with and provision of housing to the disabled;
b. enforcing discriminatory rules and internal policies, including the use of an onerous framework for relief under the FHAA, on the Plaintiff, because of their association with the disabled;
c. interfering the rights of the Disabled Occupants to live in the dwelling of their choice by refusing the requested Reasonable Accommodation;
d. failing to make reasonable accommodations in its enforcement of its rules, regulations and laws so as to afford an equal opportunity to the disabled to use and enjoy the aforementioned dwelling; and
e. selective enforcement and/or targeting the Plaintiff because of their association with the disabled and the exercise of their fair housing rights.

32. The Defendant's conduct in trying to exclude disabled individuals from residential neighborhoods is discriminatory towards and has damaged the Plaintiff by causing it to: incur legal fees; injuring the occupants; interfering with the quiet enjoyment and occupancy of the Property; resulting in the "illegal use" of the Property for sober housing; and causing business losses and damages.

33. In forcing Plaintiff through an onerous ZBA process and denying any and all relief sought by the Plaintiff, the City is using the code/zoning for a discriminatory goal and have knowingly and/or intentionally ignored the rights of the Plaintiff under applicable law to effectuate discriminatory goals of the City and/or certain residents of and/or agents of the City, to the detriment and harm of the Plaintiff and the Disabled Occupants.

WHEREFORE, Plaintiff prays for a temporary and/or preliminary injunction against the Defendant, and its agents and employees from imposing requirements and/or refusing to allow housing for the disabled and by those providing housing to the disabled, including the Plaintiff, because of its association with the disabled and the Plaintiff seeks damages to be proven at trial against the Defendant for failing to grant a reasonable accommodation and intentional discrimination, including direct and indirect damages, consequential damages, punitive damages, attorney fees, costs and losses.

## COUNT II
### (Discrimination – Americans with Disabilities Act)

34.  Plaintiff incorporates and restates herein paragraphs 1-33 supra.

35.  The Plaintiff is associated with, and/or provide housing to people with disabilities as defined in 42 U.S.C. 12102(2).

36.  The City is a public entity pursuant to 42 U.S.C. 12131(1).

37.  The actions of the City to treat the use of the Property as a lodging and/or rooming house violates the rights of the Plaintiff under the Americans with Disabilities Act and the regulations promulgated thereunder by:

   a.  denying the individual occupants who are in recovery from alcoholism and/or substance abuse the opportunity to participate in or benefit from the supportive housing program offered by the Plaintiff with Into Action Sober Living;

   b.  using City internal policies and methods of administering the code through laws and regulations enacted by the State of New Hampshire with the purpose of subjecting the Plaintiff and Disabled Occupants to discrimination based upon their provision of housing to the handicapped and/or their handicap;

   c.  subjecting the Plaintiff because of their association with the disabled to discriminatory practices and enforcement of the law;

   d.  utilizing licensing and code requirements to enforce State code enforcement services that are not equally applied to groups of other unrelated non-disabled persons; and

   e.  utilizing licensing and code requirements, that are not imposed upon other groups of related non-disabled persons, to deny Plaintiff and/or the Disabled Occupants of the Property the enjoyment of their rights.

38.  The City's conduct in seeking to exclude disabled individuals from residential neighborhoods by deeming said occupancies "lodging houses" or not allowed under zoning, and in failing to grant a reasonable accommodation, is discriminatory towards and has damaged the Plaintiff.

WHEREFORE, Plaintiff prays for a temporary and/or preliminary injunction against the Defendant, and its agents and employees from imposing requirements and/or refusing to allow housing for the disabled and by those providing housing to the disabled, including the Plaintiff, because of its association with the disabled and the Plaintiff seeks damages to be proven at trial against the Defendant for failing to grant a reasonable accommodation and intentional discrimination, including direct and indirect damages, consequential damages, punitive damages, attorney fees, costs and losses.

**Plaintiff requests a trial by jury.**

Dated this 2nd day of September 2021.

For the Plaintiff,
By their Attorney,

*/s/Andrew J. Tine*
Andrew J. Tine (NHBAR 19396)
Law Offices of Andrew J. Tine
18 Maple Avenue, #267
Barrington, RI 02806
atine@tinelaw.com
401-396-9002 – Tel.